UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ABDOU SAMB, | : Case No. 3:18-cv-34 |
| Plaintiff, | : District Judge Thomas M. Rose |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| CARGILL INCORPORATED, *et al.*, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Abdou Samb brings this case against Defendants Cargill Incorporated and United Steelworkers Union #1493, alleging wrongful termination in violation of state and federal law and illegal retaliation for engaging in protected activities. Plaintiff alleges Defendants discriminated against him because of his race. The case is presently before the Court *sua sponte*.

This case began in January 2018, when Plaintiff filed his Complaint. (Doc. #1). In December 2018, after a preliminarily pretrial conference with the parties, United States District Judge Thomas M. Rose issued a preliminary pretrial conference order, referring this case to the undersigned and setting forth the schedule. (Doc. #11). Shortly before the June 7, 2019 discovery cut-off date, Defendant Cargill's counsel, Monica Lacks, requested an informal discovery conference regarding Plaintiff's (alleged) failure to

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

prosecute. According to Ms. Lacks, Defendant Cargill provided Plaintiff with notice of depositions and sent him amended written discovery requests but did not receive any responses.

On May 31, 2019, the undersigned held a teleconference with counsel from all of the parties. Plaintiff's counsel, Adam Webber, indicated that Plaintiff was out of the country. Pursuant to the teleconference and in light of Plaintiff's absence from the county, the undersigned ordered Plaintiff to show cause, not later than June 21, 2019, why this case should not be dismissed for failure to prosecute. (Doc. #12). Plaintiff was placed on notice that if he did not respond to the Order, his case may be dismissed for lack of prosecution. *Id.* (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)).

On June 21, 2019, Plaintiff's counsel, Mr. Webber, filed a notice regarding the Order to Show Cause. (Doc. #13). Mr. Webber explained that in April 2019, Plaintiff Samb notified him that he was traveling to Senegal to handle some family matters. While in Senegal, Plaintiff said he would have access to email and could receive text messages. Although Mr. Webber attempted to contact Plaintiff Samb by telephone and electronic communication, "he has not received any communication from Mr. Samb since before May 30, 2019." *Id*.

District courts have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31, 82 S.Ct. at 1388-89; *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court

has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed.R.Civ.P., to enter a sua sponte order of dismissal.") (citation omitted). But, dismissal with prejudice for failure to prosecute is "'a harsh sanction which the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Carpenter*, 723 F.3d at 704 (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). By comparison, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction, and thus the controlling standards should be greatly relaxed … because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004) (citing *Nwokocha v. Perry,* 3 F. App'x 319, 321 (6th Cir. 2001) (*per curiam*)).

To determine whether dismissal for failure to prosecute is appropriate, courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704 (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001) (quotation marks omitted)).

In the present case, Plaintiff is at fault. He failed to complete discovery because he left the country and his attorney is no longer able to communicate with him. Turning

3

to the second factor, Defendants suffered some prejudice as they have spent time and money on attempts to complete discovery.  As for the third factor, this Court, in the Order to Show Cause, warned Plaintiff that his failure to prosecute may result in dismissal of the case.  Finally, although less drastic sanctions have not been imposed, any sanctions would have little effect on Plaintiff because it is unlikely he would be aware of such sanctions.  Taken together, these factors support the less-drastic sanction of dismiss without prejudice in this case.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed without prejudice; and
2. The case be terminated on the Court's docket.

June 25, 2019                                                                 *s/Sharon L. Ovington*
                                                      Sharon L. Ovington
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).